The opinion of the Court was afterwards delivered by
Parker C. J.
One ground on which the motion for a newv trial rests, is the written communication from the judge to the jury, after the Court was adjourned, in answer to a note from t,he foreman stating the improbability of their agreeing upon a verdict. It has been the practice in this county for the judge, *348 at his discretion, to allow the jury to separate, after they had been so long together as to satisfy him that there was such a difference of opinion as would result in a final disagreement, unless the fear of remaining all night in an uncomfortable situation should prevent it. This practice probably arose from the custom of having but one session in the day ; the effect of which is, that there is much less opportunity for the jury to communicate with the Court, than there is in other counties where there are two sessions, and where the Court is frequently in session in the evening. In those cases, if the jury want information, they can obtain it, and the Court will take the cause from them, when it shall appear that the keeping them longer together will be likely to occasion much inconvenience without eventually obtaining a verdict, or else, that a verdict will be given contrary to the opinion of some of the jury, merely to avoid that inconvenience. But in this county, where the Court usually adjourns at two or three o’clock until the next morning, juries are more frequently exposed to the hazard of remaining together all night, and are deprived of the privilege intended to be given them by the statute, of being discharged of the cause after going into court a second time without being able to agree. The object of this statute was, no doubt, to prevent that restraint upon juries which the common law allows, or perhaps requires, and it was in the spirit of this statute that the judges here have substituted the discharge of them at their discretion, after the Court shall be adjourned. No material inconvenience has hitherto been seen to come from the exercise of this power, and it is not known that the exercise of it has ever been complained of by the bar. For myself, I have done this repeatedly, and have, in reply to notes received from the foreman, sent answers either complying with or refusing the request of the jury ; and 1 have sometimes stated to them, as a reason why they could not be dismissed, the importance of terminating a dispute which had already occasioned much expense to the parties. I cannot say when this practice began, but atn satisfied that it existed before it was adopted by me. It probably originated in the idea, that there were some powers necessarily exercised by the judge out of court; and this of releasing the jury from fatigue and great personal inconvenience, *349 after they had made all suitable efforts to come to an agreement, was among the least questionable.
The communication in question in this case was made upon the ground of this practice, which had been so common here as to pass without notice. The object of the note of the foreman was probably to obtain leave for the jury to separate, and the answer of the judge was calculated to enable them to revise the case in a systematic manner, in the hope that such a revision would produce a union of opinion on one side or the other of the cause. It probably had that effect. As it is impossible, we think, to complain of the substance of the communication, the” only question is, whether any communication at all is proper, and if it was not, the party against whom the verdict was is entitled to a new trial. And we are all of opinion, after considering the question maturely, that no communication whatever ought to take place between the judge and the jury, after the cause has been committed to them by the charge of the judge, unless in open court, and, where prac ticable, in presence of the counsel in the cause. The oath ad ministered to the officer seems to indicate this as the proper course : “ He is to suffer no person to speak to them, nor to speak to them himself unless to ask them whether they are agreed and he is not to suffer them to separate until they are agreed, unless by order of court. When the court is adjourned, the judge carries no power with him to his lodgings, and has no more authority over the jury than any other person ; and any direction to them from him, either verbal or in writing, is improper. It is not sufficient to say that this power is in hands highly responsible for the proper exercise of it; the only sure way to prevent all jealousies and suspicions is to consider the judge as having no control whatever over the case, except in open court in presence of the parties and their counsel. The public interest requires that litigating parties should have nothing to complain of or suspect in- the administration of justice, and the convenience of jurors is of small consideration compared with this great object. If, by reason of the long intervals between the sessions of the Court, jurors here are subjected to inconveniences which do not exist elsewhere, this must be remedied by holding two sessions a day *350 instead of one. It is better that every body should suffe; m-convenience, than that a practice should be continued which is capable of abuse, or at least of being the ground of uneasiness and jealousy.

New trial granted.